1  Vassi Iliadis (SBN 296382)
2  Elliot Herzig (SBN 345779)
   **HOGAN LOVELLS US LLP**
3  1999 Avenue of the Stars, Suite 1400
4  Los Angeles, California 90067
   Tel: 310.785.4600
5  Fax: 310.785.4601
6  vassi.iliadis@hoganlovells.com
   elliot.herzig@hoganlovells.com
7

8  Sarah F. Hutchins *(pro hac vice to be filed)*
   Stephen V. Carey *(pro hac vice to be filed)*
9  **PARKER POE ADAMS & BERNSTEIN LLP**
10 620 South Tryon Street, Suite 800
   Charlotte, North Carolina 28202
11 Tel: 704.335.6639
12 Fax: 704.334.4706
   sarahhutchins@parkerpoe.com
13 stevecarey@parkerpoe.com
14

15 *Attorneys for Defendants*
   NLP, LLC, and NALS Apartment Homes, LLC
16

17            **UNITED STATES DISTRICT COURT**
18            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  DANIEL LOPEZ JR., an individual, on behalf of himself and all others similarly situated, | Case No. 2-24-CV-6403 |
| 21 | |
| 22       Plaintiffs, | **DEFENDANTS NLP, LLC, AND NALS APARTMENT HOMES, LLC'S NOTICE OF REMOVAL** |
| 23  v. | |
| 24  NLP, LLC, and NALS APARTMENT HOMES, LLC, | (Santa Barbara County Superior Court Case No. 24CV03617) |
| 25 | |
| 26       Defendants. | |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS NLP, LLC, AND NALS APARTMENT HOMES, LLC'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. §§ 1441(a) – (b), and 28 U.S.C. § 1453, Defendants NLP, LLC and NALS Apartment Homes, LLC ("Defendants") remove this state court action to this Court.  Removal is proper for the following reasons.

1. On June 28, 2024, Plaintiff Daniel Lopez, Jr., ("Plaintiff") commenced an action against Defendants in the Superior Court of California, County of Santa Barbara, styled as *Daniel Lopez, Jr. v. NLP, LLC and NALS Apartment Homes, LLC*, and bearing file No. 24CV03617.  True and correct copies of all proceedings in state court are attached hereto as **Exhibit A** and incorporated herein. *See* 28 U.S.C. § 1446.

2. Defendants were served with a copy of the Complaint on or about July 1, 2024.  This notice of removal is timely, because it was filed within thirty (30) days from the date of service of the initial pleading.  *See* 28 U.S.C. § 1446(b).

3. Plaintiff alleges that he is a former employee of both Defendants. (Compl. ¶ 17).  He asserts various claims based on an alleged "Data Breach" involving Plaintiff's personally identifiable information (the "Data Security Incident"). (*See generally id.* ¶¶ 24–29).  His claims include negligence, invasion of privacy, breach of implied contract, breach of fiduciary duty, breach of confidence, and claims under the California Unfair Competition Law, the California Customer Records Act, and California Consumer Privacy Act.

4. Although Defendants deny any liability, they assume the allegations in Plaintiff's Complaint are true for purposes of removal.  Defendants do not, however, admit the truth of any facts asserted in the Complaint or the validity of Plaintiff's claims and deny that Plaintiff is entitled to any relief.  Moreover, by removing, Defendants do not consent to personal jurisdiction; do not concede that this Court is a convenient forum; and do not waive any of their defenses or objections under

Federal Rule of Civil Procedure 12(b) or otherwise, including their right to have Plaintiff's dispute arbitrated or decided by other means of alternative dispute resolution.[1]

5. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id*. Accordingly, "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

6. The jurisdiction of this Court over this case is proper under CAFA because (1) the action was pleaded as a putative class action with more than 100 putative members; (2) there exists minimal diversity among all parties; and (3) the aggregate amount-in-controversy—based on Plaintiff's allegations—exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

7. *First*, Plaintiff alleges that "there are at least several hundred class members in the class." (Compl. ¶ 69). Based on this allegation, CAFA's numerosity requirement is met. *See* 28 U.S.C. § 1332(d)(5)(B).

8. *Second*, minimal diversity under CAFA is satisfied where "*any member of a class of plaintiffs* is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). To be sure, Plaintiff and both Defendants appear to be citizens of California. Plaintiff alleges that he is a California resident (Compl.

---

[1] *See, e.g.*, *Vinegar v. U.S. Marshals Serv.*, 1996 WL 227860, at *8 n.1 (S.D. Cal. Mar. 27, 1996) ("'A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'") (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1395 (1990)); *DeMartini v. Johns*, 2012 WL 4808448, at *5 (N.D. Cal. Oct. 9, 2012) (observing that "numerous courts have held that merely removing a case to federal court, where the defendant has not engaged in protracted litigation or obtained discovery, does not give rise to waiver of the right to arbitrate") (collecting cases).

¶ 13) and both Defendants are LLCs incorporated under the laws of the State of California and have their principal places of business in California.[2]

9. Nevertheless, there is minimal diversity in this case because Plaintiff's proposed class includes "[a]ll individuals whose Sensitive Information stored or possessed by Defendant" was subject to the Data Security Incident. (*Id.* ¶ 66). To be clear, Defendants do not concede that Plaintiff's proposed classes are certifiable, lawful, or otherwise proper, and Defendants expressly reserve the right to raise all arguments, objections, and defenses to Plaintiff's allegations, including those going to class certification. All that aside, based on information available on state attorneys general's public websites, the total number of persons potentially affected by the Data Security Incident is as high as approximately 7,500. *See*, *e.g.*, Office of Maine Attorney General, Data Breach Notifications, available at https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/813bd0de-91c5-40e9-a425-e9ce4f0a31aa.shtml (last visited July 22, 2024).[3] Those potentially affected are located in numerous states other than California. *See*, *e.g.*, *id.* (listing 3 affected persons in Maine); Office of Texas Attorney General, Data Breach Security reports, available at

---

[2] The majority rule under CAFA is that an LLC's place of incorporation and principal place of business determine its citizenship, not the citizenship of its members. Although the Ninth Circuit has not addressed the issue, multiple federal district courts in California have. *See, e.g., Hernandez v. Pure Health Rsch. LLC*, 2023 WL 7029213, at *3 (S.D. Cal. Oct. 25, 2023) (adopting "the rule that in a CAFA where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business" and summarizing federal law regarding same). In addition, even though Defendants are California citizens, CAFA permits them to remove the case to this Court. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section . . . , without regard to whether any defendant is a citizen of the State in which the action is brought. . . .").

[3] Should Plaintiff challenge any of the allegations herein, Defendants expressly request the opportunity to present evidence supporting this Court's jurisdiction.

https://oag.my.site.com/datasecuritybreachreport/apex/DataSecurityReportsPage (last visited July 22, 2024) (listing 1133 affected Texans). Indeed, of the 45 properties that Defendant NALS manages in the United States, just one is in California. *See, e.g.*, NALS Apartment Homes, https://www.nals.com/our-communities.aspx (last visited July 23, 2024). Plaintiff himself even acknowledges the existence of non-California putative class members by also proposing a California-only subclass. (Compl. ¶ 66).

10. Thus, based on Plaintiff's proposed class definition, Defendant reasonably believes that the vast majority of putative members of Plaintiff's proposed class are citizens of a state different from Defendants. Since, "[u]nder CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant," the minimal diversity requirement is met where, as here, the proposed class includes "non-California citizens." *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1275–76 (9th Cir. 2017).

11. *Third*, with respect to the amount-in-controversy, "[a] defendant removing a putative class action need only demonstrate that the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Morales v. Conifer Revenue Cycle Sols., LLC*, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (quoting 28 U.S.C. § 1332(d)(2)). Because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," the removing defendant may "simply allege or assert in the notice removal that the jurisdictional threshold has been met." *Id.* (cleaned up). "The amount in controversy includes damages '(compensatory, punitive, or otherwise), and the costs of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes or contract.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

12. Here Plaintiff does not allege a specific amount in controversy in the Complaint. Plaintiff, however, does seek various forms of monetary and injunctive

relief.

13. As to monetary relief, Plaintiff seeks "compensatory, statutory, and nominal damages" (Compl., Prayer for Relief ¶ 3) and "equitable relief requiring restitution and disgorgement of revenues wrongfully retained as a result of Defendants' wrongful conduct" (*id.*, Prayer for Relief ¶ 4).

14. Plaintiff alleges that he and the putative class are entitled to compensatory relief arising from the theft by a third-party threat actor of their information; their out-of-pocket costs for prevention, detection, recovery, and remediation from such theft; lost opportunity costs and lost wages for time spent mitigating actual and future consequences arising from the Data Security Incident; the continued risk of future theft of information in Defendants' possession; and current and future costs for the time, effort and money expended to prevent, detect, contest, remediate and repair the impact of the Data Security Incident "for the remainder of [their] lives." (Compl. ¶ 60(a)–(e)).

15. Here, a conservative damages estimate of approximately $667 per putative class member would be, standing alone, sufficient to meet the jurisdictional threshold.[4]

16. Plaintiff also seeks attorneys' fees. (Compl., Prayer for Relief ¶ 5). Courts in this district allow attorneys' fees to be included in the amount-in-controversy estimate when permitted under the asserted claims, and allow a defendant to assume 25% aggregate damages in estimating those fees. *See Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019). Thus, assuming that Plaintiff is entitled to attorneys' fees for his claims (as he has alleged), even if each putative class member's compensatory damages estimate were lowered to $534, the inclusion of attorneys' fees would satisfy the jurisdictional threshold ($534 x

---

[4] Of course, "[e]ven when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Invts., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

1    7,500 putative class members x 1.25%).

2    17.    In addition to monetary relief, Plaintiff seeks seventeen categories of injunctive relief that could potentially require Defendants to make costly changes to Defendants' alleged information security infrastructure and methods of data storage; engage independent auditors, hire additional internal security personnel, and engage in numerous types of audits, tests, checks, monitoring and training programs; and provide "ongoing" credit monitoring and identity theft repair services to putative class members. (Compl., Prayer for Relief ¶ 2(i)–(xvii)).

18.    Although Defendants expressly deny that any such changes are necessary or warranted, Defendants estimate that cost of complying with the requested injunctive relief would reasonably exceed $5 million.

19.    Just as a single example, Plaintiff seeks ongoing credit monitoring for putative class members for an indeterminate period of time. (Compl., Prayer for Relief § 2(xvii). And Plaintiff's allegations suggest that this monitoring would be required "for years to come," due to alleged prolonged "heightened risk for financial fraud" and "identity theft." (Compl. ¶ 32; *see also id.* ¶¶ 42, 53 (same)). A court in this district recently estimated that the combined per-class-member cost of credit monitoring services from two of the three leading credit agencies *for just a two-month period* would be approximately $84.80. *See Morales*, 2023 WL 5236729, at *3 (allowing, in a similar context, defendant's estimate that "[f]or the first two months of credit monitoring, TransUnion charges $59.90 and Equifax charges $24.90, for a total of $84.80"). If the estimated monitoring period were expanded to a two-year period, the cost of monitoring would, on its own, exceed the $5 million threshold ($84.80 x 12 2-month periods x 5,000 putative class members). *See Porras v. Sprouts Farmers Mkt., LLC*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (accepting the same calculation (albeit with a lower cost based on 2016 prices) for a three year period).

20.    Accordingly, the $5 million amount-in-controversy threshold is met

here, both under several independent categories of requested relief and in the aggregate.

21. Removal to this Court is proper because it is part of the district and division within which this action was filed. 28 U.S.C. § 1446(a).

22. The Complaint contains a demand for a jury trial.

23. Promptly after filing this Notice of Removal, Defendants shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Superior Court of California, County of Santa Barbara, where the case was filed, pursuant to 28 U.S.C. § 1446(d), along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit B**.

24. Defendants expressly reserve all of their defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' defenses. Defendants also reserve their right to amend or supplement this Notice of Removal.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court to assume jurisdiction over this action and to enter orders and grant relief necessary to secure removal.

//
//
//
//
//
//

| | | |
|---|---|---|
| Dated: | July 30, 2024 | Respectfully submitted, |

**HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*
    Vassi Iliadis
    Elliot Herzig

**PARKER POE ADAMS & BERNSTEIN LLP**
Sarah F. Hutchins
*(pro hac vice to be filed)*
Stephen V. Carey
*(pro hac vice to be filed)*

*Attorneys for Defendants*
NLP, LLC, and NALS Apartment Homes, LLC